UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01720-CDP |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Thomas Brown for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court-provided form.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently incarcerated at the Eastern Reception, Diagnostic & Correctional Center (ERDCC) in Bonne Terre, Missouri. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 3). He names the following individuals as defendants: Warden Steve Larkins; Assistant Warden Stanley Paine; Medical Director Chris Rosko; Unknown Correctional Officers; Unknown Doctors; and Unknown Nurses. (Docket No. 1 at 3-4). All defendants are sued in both their individual and official capacities. (Docket No. 1 at 4).

Plaintiff states that during the "booking process" upon entering ERDCC, he filled out a medical evaluation in which he noted that his medications were Wellbutrin and Trazadone. (Docket No. 1 at 4-5). These medications had been prescribed by plaintiff's doctor at Ozark Behavioral Health in West Plains, Missouri. (Docket No. 1 at 5). Plaintiff states that he was

3

advised that "they would have to get ahold of my doctor" before he was given those medications. After the medical evaluation, plaintiff states that he had a mental health screening. During this screening, he again noted that he took Wellbutrin and Trazadone for his major depressive disorder, PTSD, ADD, and ADHD. Plaintiff asserts that "they wrote it down and said they would call" his doctor at Ozark Behavioral Health.

Plaintiff states that he filled out a medical service request because "they" refused to give him his mental health medications. (Docket No. 1 at 6). When he was seen, he alleges that he was told that his doctor at Ozark Behavioral Health did not exist. Plaintiff was also advised that if he really needed Wellbutrin and Trazadone, "their doctors" would give it to him.

Eventually, plaintiff saw a doctor and a mental health doctor at ERDCC. They both agreed that plaintiff had major depressive disorder, PTSD, ADD, and ADHD. Plaintiff claims that he asked the doctors if he could start taking his medication, and both of them told him that ERDCC "does not give out those [two] medications" to inmates. Plaintiff then asked whether he could get a generic medication, and was told by the doctors that they would get back to him later. He states that the doctors still have not gotten back to him. He also claims that he has learned from other ERDCC inmates that those medications are given out.

Plaintiff alleges that defendants Larkins, Paine, and Rosko had a "custom of denying" his mental health medications. He also claims that defendants engaged in a civil conspiracy under both Missouri law and 42 U.S.C. § 1983 to deprive him of access to his medications, and that they committed the "tort of breach of duty." (Docket No. 1 at 7). Finally, plaintiff contends that defendants are liable to him for intentional infliction of emotional distress.

Plaintiff seeks an injunction to keep defendants from enforcing their unconstitutional policies and customs. He also requests $250,000 in nominal damages, $5,000,000 in

compensatory damages, $5,000,000 in punitive damages, $5,000,000 on his state law claims, and an additional $5,000,000 in pain and suffering. (Docket No. 1 at 7-8).

**Discussion**

Plaintiff's complaint alleges that defendants violated his constitutional rights by denying him access to his prescribed medication. Such a claim is potentially viable under § 1983. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (stating that deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication). However, in its current form, plaintiff's complaint is deficient.

First, plaintiff's "custom" claims against defendants Larkins, Paine, and Rosko are conclusory in nature and unsupported by any facts. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (stating that, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists). It is not enough for plaintiff to simply state the elements of a cause of action, which is what he has done here. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Next, plaintiff names Unknown Correctional Officers and Unknown Nurses as defendants, but he does not mention them in the complaint. Plaintiff is required to do more than simply name a defendant or list him or her in the caption in order to assert liability. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

5

Finally, plaintiff's complaint tends to use generalized language that makes it impossible to know the identity of the particular defendant to which he is referring. For instance, in describing the booking process, plaintiff alleges that "they" told him that he could not get his medication, and that "they" refused to give him his prescription. This is not sufficient to state a claim, because § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Because plaintiff is proceeding pro se, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular

6

defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff names a fictitious or "unknown" defendant, he must make allegations against that unknown defendant "specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F. 3d 35, 37 (8th Cir. 1995).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in

7

accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days from the date of this order**.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 25th day of March, 2019.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE